UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| YONGPING ZHOU, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:07-cv-633-WTL-TAB |
| | ) | |
| PATRICK T. BELANGER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ENTRY ON MOTION TO VACATE

Before the Court is the Plaintiff's Motion to Vacate and Motion for Telephonic Hearing (Docket No. 206), which the Court has construed as a motion to alter or amend judgment. In his motion the Plaintiff seeks relief from the Court's June 27, 2011 Order (Docket No. 204) dismissing his case with prejudice. The Plaintiff's motion is fully briefed, and the Court, being duly advised, now **DENIES** the Plaintiff's motion for the reasons set forth below.

The pro se Plaintiff, Yongping Zhou, commenced this action on May 18, 2007. In September 2010, after over three years of litigation, the Court issued an Entry stating: "[T]rial will be set for a date not later than February 1, 2011" and "the final pretrial conference would be scheduled approximately 4-6 weeks before the trial." Docket No. 150 at 1. The Plaintiff responded with a motion to continue (Docket No. 151), stating that his injuries, which were allegedly caused by the Defendant, were exacerbated by the cold weather so moving the final pretrial conference to February 2011 would "help Plaintiff avoid the sharp pains by the coldest weather." Docket No. 151 at 1. The Court granted the Plaintiff's motion "to the extent consistent with the courts [sic] schedule," Docket No. 153 at 1, moved the final pretrial conference to April 8, 2011, and reset the trial for May 9, 2011. Docket No. 154.

On March 21, 2011, the Plaintiff filed a Motion to Continue the Trial Dates (Docket No. 157). The Plaintiff's motion indicated that the final pretrial conference "conflicted to Plaintiff's current schedules in April" and his "injuries and its pains" were much worse because the Plaintiff had not received any medical treatment. Docket No. 157 at 1.

On March 28, 2011, the Plaintiff filed an Amended Motion to Continue the Trial Dates (Docket No. 159). In support of his motion, the Plaintiff again stated that "[t]he schedules are conflicted" as "Plaintiff is preparing to file a big document in another civil case, which is due on April 11, 2011; that document is totally new, which Plaintiff had not filed yet, needed a lot of learning and working," and also cited his "damaged health," which was worsened by "the cold wet evening weather" and made it impossible for the Plaintiff to "write or work as other healthy people do." Docket No. 159 at 1. In addition, the Plaintiff claimed that "[e]ven after he files that document, Plaintiff still needs to stay in California," "[i]t is impossible for [the Plaintiff] to travel back and forth in one month," he "does not have the money to travel from CA to Indiana yet," and "Plaintiff needs the time to read and learn the instruction documents from the court." *Id.* at 1, 3.

Despite his professed difficulties, the Plaintiff appeared in person for the final pretrial conference on April 8, 2011. In a subsequent Entry (Docket No. 165), the Court denied both of the Plaintiff's motions to continue (Docket Nos. 157 and 159), confirmed the May 9 trial date, and set dates by which pretrial motions, exhibit and witness lists, and jury instructions were to be filed. The Court also noted the Plaintiff's oral requests for an interpreter and for medical care. The Court stated that it could not provide the Plaintiff with an interpreter using Court funds, as this was neither a criminal case nor an immigration matter. However, the Court informed the

Plaintiff that if he located a source of funding to pay an interpreter, he would be allowed to use an interpreter during trial. As to his request for medical care, the Court stated that the Plaintiff was free to seek treatment from whomever he wished and informed the Plaintiff that a Court order was not required.

Instead of filing the requisite documents (e.g., his witness list, exhibit list, and jury instructions), the Plaintiff filed a Motion to Reopen Discovery and an Amended Motion for an Interpreter (Docket Nos. 166 & 167). Then, on April 18, 2011, the Plaintiff filed an Emergency Motion to Continue All Filing Dates (Docket No. 172). In his motion, the Plaintiff alleged that "he was not able to hear and understand the oral argument and the oral decisions" at the final pretrial conference and he did not receive a copy of the Court's final pretrial order. Docket No. 172 at 1. The Plaintiff also reiterated his request for an interpreter and alleged that the Defendant had engaged in various misconduct.

On April 21, 2011, the Plaintiff filed an Emergency Motion for Leave for Medical Treatment and Motion to Continue the Trial and All Filing Dates (Docket No. 174). In this motion, the Plaintiff claimed that he needed a CT scan, which would not be available until May 2011, and stated that he was on new medication "which made him drowsy and numb, and made his brain unclearly." Docket No. 174 at 1.

Several days later, on April 29, 2011, the Court issued an Order indicating that trial remained set for May 9, 2011 (Docket No. 180). A more formal Entry denying the Plaintiff's outstanding motions (Docket Nos. 166, 167, 172, & 174) was issued on May 4, 2011 (Docket No. 183). In that Entry the Court stated: "A party cannot decide for itself when it feels like pressing its action and when it feels like taking a break. Despite this principle . . . plaintiff Zhou

appears to be 'taking a break.'" Docket No. 183 at 1. In denying the motion for an interpreter, the Court explained that the Plaintiff had failed to identify a source of public funds to pay an interpreter. As to his request to reopen discovery, the Plaintiff had not shown an abuse of process or failure to comply with Court orders on the part of the Defendant, thus, the Plaintiff had failed to justify reopening discovery. Moreover, the Plaintiff's motions for medical treatment and motions to continue were not supported by any physical showing. Accordingly, all of the Plaintiff's motions were denied.

Before the Court's May 4 Entry was distributed, the Plaintiff filed another Emergency Motion for Leave for Medical Treatment and Amended Motion to Continue the Trial and All Filing Dates (Docket No. 193). Then, on May 5, 2011, the Plaintiff filed what was his third Emergency Motion for Leave for Medical Treatment and Amended Motion to Continue the Trial and All Filing Dates (Docket No. 187). In response to this third motion, the Court set a hearing to discuss any continuances. Docket No. 188. The Defendant appeared at that hearing by counsel and the Plaintiff appeared telephonically. The Court spoke with a physician who acknowledged recently prescribing medicine for the Plaintiff. After considering all of the evidence, the Court denied both of the Plaintiff's motions for continuances (Docket Nos. 187 & 193) and stated:

> The trial of May 9, 2011, **remains set.**
>
> **The parties were and are ordered to appear for trial and to be in their seats at 8:00 a.m., Indianapolis time, on May 9, 2011. The failure to do so could subject a party to sanctions, including dismissal of the action with prejudice in the case of the plaintiff and the issuance of a default judgment in the case of the defendant.**

Docket No. 194 at 1. To the extent that the Plaintiff requested a stay of the case, that request

was denied, as the Plaintiff failed to show good cause for such a stay.

The following Monday, May 9, 2011, the parties appeared for trial. Before the proceeding commenced, the Plaintiff became suddenly ill and was unable to go forward. Accordingly, the Court continued the trial until Monday, June 27, 2011. The Court reminded the Plaintiff that the time to file pretrial motions, exhibit and witness lists, and other such paperwork had already passed; therefore, any future filing of these documents would not be considered. Nevertheless, on June 6, 2011, the Plaintiff filed an Amended Motion to Continue All Filing Dates (Docket No. 197). The Court, noting that all deadlines except the trial date had already passed, construed the motion as one to continue the trial date. *See* Docket No. 199 at 1. The Court then denied the motion stating: "The vague statements in [the Plaintiff's] amended motion to continue all filing dates does not indicate, much less establish, that the plaintiff will be unable to attend the trial and proceed. The age of the case and the ongoing prejudice to the defendant for the case to remain unresolved are factors which dictate that **the matter shall proceed as currently scheduled**." *Id*. The Court then reminded both parties that the trial remained set for June 27, 2011. The Court also admonished the parties that any failure to be present in the courtroom at 8:00 a.m. on June 27, 2011, "may result in the imposition of sanctions." *Id*. at 2.

According to the Defendant's counsel, she was contacted by a Mr. Pengtian Ma on June 22, 2011. Mr. Ma stated that he was considering representing the Plaintiff in this matter and he requested that the Defendant stipulate to a continuance of the June 27 trial date. Defense counsel indicated that she objected to a continuance.[1] The next day, on June 23, 2011, the Plaintiff filed

---

[1] This is a good place to note that the Defendant also filed timely objections to all of the Plaintiff's prior motions. The Court, for brevity's sake, has not mentioned these objections in the Entry; however, they are evident on the docket.

an Emergency Motion to Set a Telephone Conference and Emergency Motion for Continuance (Docket No. 200). The Plaintiff stated that he was again ill, overly medicated, and unable to prepare for trial. He also informed the Court that he had secured Mr. Ma's services but Mr. Ma needed time to get up to speed on the case. *See* Docket No. 200. On June 24, the Court issued an Order (Docket No. 201) noting that no attorney had filed an appearance in the case. The Court gave the Plaintiff (or Mr. Ma) until 3:00 p.m. on Friday, June 24, 2011 to file an appearance. If an appearance was filed, and if Mr. Ma wanted a hearing, he was to contact the Court. To the extent that the Plaintiff's motion sought a continuance of the trial based on an allusion to past medical treatment, the motion was denied because no additional evidence had been offered. Moreover, the Court pointed out that the Plaintiff's motion was coherent, presented in a professional manner, and illustrated his ability to communicate in a meaningful manner. *See* Docket No. 201 at 2. The Court emphasized that trial remained set for Monday, June 27, 2011. Mr. Ma never filed an appearance in this case, nor did he request a hearing.

On Monday morning, the Defendant appeared in person and with counsel. The Plaintiff failed to appear; however, Court Services received a phone call, purportedly from the Plaintiff, indicating that he was ill and would not be attending the trial. The Plaintiff hung up without leaving his telephone number and he declined to speak to the Judge or any other court personnel. Ultimately, the Defendant moved for dismissal with prejudice pursuant to FED. R. CIV. P. 41(b). The Court granted the Defendant's motion (Docket No. 202), issued an Order explaining that the Plaintiff had failed to prosecute the case (Docket No. 204), and entered formal judgment (Docket No. 205).

Ten days later, on July 7, 2011, the Plaintiff filed a Motion to Vacate (Docket No. 206).

Although the Defendant treated this motion as one under FED. R. CIV. P. 60(b), as the Court will explain, it is actually properly construed as a Rule 59(e) motion.

Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Judgment was entered in the Defendant's favor on June 27, 2011 and the Plaintiff filed his motion on July 7, 2011 – well within Rule 59's 28 day requirement. Had the Plaintiff's motion been filed more than 28 days after judgment was entered, the Court would have been forced to treat it as one for relief from judgment pursuant to FED. R. CIV. P. 60(b). *See United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) (stating that substantive motions to alter or amend a judgment filed after the Rule 59 deadline are evaluated under Rule 60(b)). This, as we shall see, would not have been in the Plaintiff's best interest.

"A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Nw. Med. Faculty Found.*, 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *Am. Fed'n of Grain Millers, Local 24 v. Cargill, Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). It also authorizes relief for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Here, the only arguable basis for a Rule 60(b) motion would be the for "any other reason" catch-all category. But such a motion requires a showing of "extraordinary circumstances." *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Margoles v. Johns*, 798 F.2d 1069, 1072-73 (7th Cir. 1986). The Plaintiff has not made such a showing. Thus, a Rule 60 motion would be unsuccessful. However, based on the filing date and the relief sought, the

Court concludes that the Plaintiff's filing is actually a Rule 59(e) motion.

Federal Rule of Civil Procedure 59(e) provides the Court an opportunity to correct errors while the Court still has jurisdiction of the case. *See Sosebee v. Astrue*, 494 F.3d 583 (7th Cir. 2007). In general, to prevail on a Rule 59(e) motion, the challenging party must establish that there has been a manifest error of law or fact or that newly discovered evidence precludes entry of judgment. *See Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

Here, the Plaintiff does not identify any manifest error of law or fact. Nor does he identify any newly discovered evidence that would preclude entering judgment. Instead, he merely claims, yet again, that he was ill and was receiving medical treatment in Illinois when he was supposed to be in Court. Although the Court is not unsympathetic to the Plaintiff's professed medical problems, after over four years of litigation and numerous trial settings, the Plaintiff failed to prosecute his case to its conclusion. The Plaintiff was repeatedly warned that failure to appear for trial could result in sanctions, including dismissal of his case. While this is admittedly harsh, given the procedural posture of this case, the Plaintiff's consistent refusal to comply with Court orders and deadlines, and the resulting prejudice to the Defendant, the Court believes that dismissal is the only appropriate remedy.

Accordingly, for the foregoing reasons, the Plaintiff's Motion to Vacate and Motion for Telephonic Hearing (Docket No. 206) is **DENIED**. Counsel for the Defendant is requested to send a copy of this Entry to the Plaintiff by electronic mail if that method of communicating has been used successfully in this case.

SO ORDERED: 8/04/11

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Katie J. Kawiecki
kkawiecki@indy.gov

Mark John Pizur
mark.pizur@indy.gov

Yongping Zhou
P.O. Box 928645
San Diego, CA 92192